Good morning, Your Honors. May it please the Court, Elizabeth Dahlstrom on behalf of Appellant John Daniels. Your Honors, the District Court committed three separate errors at Mr. Daniels' supervised release revocation sentencing, all of which require this Court to remand for resentencing. The first error was the District Court's failure to give Mr. Daniels an opportunity to allocute prior to sentencing, which is required by Rule 32.1. Now, much of the briefing centered on the correct standard of review for this claim, but the rule in this circuit is and has been for a long time that this claim is reviewed for harmless error. And we know that... Well, I understand there was a case, and I also understand that my good colleague here was in that case, and they said harmless error. But since then, we've had a couple of cases come down from the Supreme Court that seems like that contradicts that pretty well, like Marcus and Puckett. So if I use plain error review, are you still going to win? Yes, Your Honor. Okay. The standard review is actually not dispositive on this particular issue because Mr. Daniels is entitled to resentencing even under plain error review. The error here... I mean, I can understand your harmless error review, and I can understand that we have said that, but my worry is that if I have contradicting precedent from the Supreme Court in Marcus and Puckett and I have to apply plain error review, what do I do with your client then? Your Honor... Because it seems to me harmless error review, there's no question there's a substantial error, if you will. And so for harmless error, that would be the end of the story. But plain error review, it's quite a different story. That's why I think you ought to address that. Your Honor, we are entitled to resentencing even under plain error review because the error is plain. Rule 32.1 requires the court to give the opportunity to allocute. It does affect the fairness of the proceedings because allocution is an important part of due process. Is it plain? Yes. It's error. Is it plain? It is plain error, yes, Your Honor, because it does affect the integrity of the proceedings because Mr. Daniels received a higher sentence than he otherwise might have had he been offered the opportunity to allocute. But the government says it's not plain because 32 may not be something we ought to get into. We have had this before. We might have had harmless error. So it isn't plain. Your Honor, if the court is troubled by the standard of review issue on this particular issue, I submit you can resolve this case and remand for resentencing without addressing it committed also require a remand. And if I may address those now, I will. And the other errors are plain error review, correct? That's correct, Your Honor. That's why it seems to me with the other errors being plain error review, then we're up to was the first error plain error? And I guess you've given me your answer, so maybe you ought to move to the second because your time is going. Yes, Your Honor. The second error was the district court's failure to address Mr. Daniels' non-frivolous reasons for a 24-month sentence, which is required under Trujillo. Defense counsel gave two reasons why a sentence of 24 months was sufficient, and that is because Allegation 3 effectively doubled the guideline range for this particular offense because it was considered a drug trafficking offense. But the underlying conduct was relatively minor. It was possession for sale of approximately a half an ounce of marijuana. The other reason was that Daniels had already pled guilty to allegations 1 and 2 in state court, and he was set to receive a sentence somewhere in the range of three to five years for those violations, or that conduct, excuse me. And the district court did not address either of those two reasons in the imposition of a sentence, and that is a plain error. Did the court question counsel about these issues? There was a colloquy earlier in the proceedings during cross-examination between the defense counsel and the district court. It was largely defense counsel explaining the reasons behind some of his questionings, though. But as I looked at it, it seemed like the court was questioning counsel about the very issue and discussing it with him. Your Honor, McBell says the same thing happened in McBell. There was a colloquy that occurred early in the case, and McBell said that the colloquy that occurs before a sentence has been imposed cannot be later used to justify the imposition of the sentence. Finally, the third error is that the court relied on two impermissible sentencing factors in sentencing Mr. Daniels, and that is the need to punish and the need to uphold respect for the law. Now, these are permissible factors in an original sentencing, but they are impermissible in a supervised release revocation sentencing. My worry is, what indication do I have in what the court said that the court relied primarily on these factors? Your Honor, the court's explanation is a single sentence at page 40 of the record. He says, I consider the guidelines and other factors such as the defendant's history, the need for deterrence, and, of course, respect for the law. He goes on to mention respect for the law again and the need to justly punish. So there's respect for the law mentioned twice and need to punish mentioned once in the single sentence that explains the district court's reasoning. I think it's fair to say that it was a primary consideration in the imposition of the sentence. Any other questions, Judge Gould? No questions here. Judge Corman? Well, why don't you save three minutes. I will, Your Honor. Thank you very much. Let's see what the government says. Good morning. May it please the Court. Monica Ramirez on behalf of the United States. This case is nearly a quarter century old. Defendant was sentenced in 1991 to 20 years imprisonment followed by 10 years of supervised release for possessing cocaine with the intent to distribute it. He was released from custody in 2008, and since then he has committed numerous violations of the terms and conditions of his supervised release. He has breached the court's trust in numerous ways. And in 2010, the same district judge who sentenced him in 1991 and who ultimately revoked his supervision in the instant matter, modified the terms of the supervised release because defendant had committed or had been charged with new offenses. That resulted in defendant being ordered to be confined in his home, to home confinement. Two years later, he commits more violations. And in 2012, again, the same district judge orders the defendant be placed in a residential reentry center. Less than a year after that, defendant. I'll be fair with you, Counsel. We're pretty familiar with the facts of the case, and I know that this particular argument you might find helpful. But I'm not sure it's helpful on appeal. On appeal, I think you need to talk about the failing to give him an opportunity to allocate. I understand, Your Honor, and I will address that issue at this moment. Okay. With respect to the first claim, defendant has not and cannot meet the standard of review here, which is the plain error standard of review. Why is that? Because, Your Honor, as explained in our brief, the applicable rule here is Rule 32.1, not Rule 32. Well, if so, it is. It says in Rule 32.1, the person is entitled to an opportunity to make a statement. He wasn't given such an opportunity. Your Honor, we would argue that he was through his counsel, that in contrast. Now, come on. You can't even look at the amendments in putting Rule 32.1.2e together and argue that it's counsel. There's nothing that suggests that it's counsel. C gives the opportunity for counsel to come and appear and present evidence and question adverse witnesses. The amendment, the 2005 amendments, the explanation by those who draft it, don't talk about counsel. It's the opportunity to allocate. And this says the person is entitled to an opportunity to allocate. Understood, Your Honor. The government's position here is that there is a difference in the text of both rules. And as a result. Counsel Judge Gould, I've got a question for you. Yes. I realize the language of the rules can be argued to be a little different. However, in the comments to the 2005 amendments, I'm reading a sentence that says. In each instance, the court is required to give the defendant the opportunity to make a statement. So in light of the comments, isn't it clear that the court, not the lawyer for the defendant, is supposed to give him the opportunity? Your Honor, our position is solely that the rules are different. And that giving the defendant the opportunity to present mitigating facts in court is sufficient to meet the Rule 32.1. I just read you some language from the comment where it says the court. The court is required. So how do you answer that language? Your Honor, we believe that the important requirement here or the way to interpret that language is to. Is that the court is to allow defendant to present mitigation in the revocation hearing. But just a minute. You don't want to attack the language Judge Gould's giving you or what? Because I mean, I read the rule. Take a. The person is entitled to written notice of the alleged violation. Are you saying counsel is the one that gets that? The person is entitled to disclosure of the evidence against him. Are you saying counsel gets that? The person is entitled to the notice of the right person's right to retain counsel. Counsel is supposed to get that? Come on. The rule doesn't say that at all. The court is correct. That is not. The position here is not that counsel is entitled to these rights. Obviously the defendant is entitled to these rights. So then how does this change when we get to E? It doesn't, Your Honor. The government's position is simply that. And just to be clear, the government is not trivializing the right to allocution here. It's obviously a critical right. The only point that we're trying to make is that based on the language of this particular rule, an opportunity to make a statement and present any information in mitigation is obviously the defendant's right. But given. It isn't clear? That's the only way it's not clear error. Plain error. You'd have to say it's not clear. We believe that it's not that clear, Your Honor. But more important here. There's no question we'd meet the other three tests of plain error. So we're all on the plain, whether it's plain, and that's the government's best argument. No, Your Honor. Our position is that even if this court were to find that there was plain error, the prongs three and four of the plain error review are. Frankly, if we go back to the harmless error review, we've got those cases say if they don't allocute, it's automatically a substantive right. So there's no way the government could argue that it isn't a substantive right. And then we go to the last prong. I don't know how you make the argument that it isn't going to affect the way that society is going to address the court by not allowing a defendant the right to allocute. I mean, it seems logical that a person ought to have a right to allocute. And if you don't, the whole. I mean, taking prong four. I don't even know how you get there. Your Honor. Make your best argument. If I may address prongs three and four, not just four. Okay. Even if this court were to find that there was a plain error, this is, again, plain error review. And it is defendant's burden, not the government's burden, to prove that his substantial rights were affected. And this Court's President, as well as the Supreme Court's President, makes clear that that's essentially a prejudice test and that this Court must determine whether the outcome in this case would have been different had he had an opportunity to allocute. Go ahead, Counselor. I don't know how he's supposed to do that. I have, in the 29 years that I've been a district court judge, sentenced more people than I like to think about. And I have found that the allocation at sentencing is extremely important. And in a number of instances, a significant number, it's actually affected the sentence that I imposed. How is a defendant supposed to show that it would have affected the sentence? I mean, this is simply an impossible burden. The prejudice is that he was denied the right, a procedural right, that could have affected the sentence. It's impossible for anybody to show more than that. Your Honor, I believe the case law here is instructive. And the reason I focused on the facts of this case. Well, the case law is that, and as I understand it, is that, you know, if the judge could have given a lesser sentence, then that's enough. And shouldn't that be enough? Because how else is the defendant supposed to prove that if he had been given an opportunity to speak, it would have so moved the district judge? And sometimes it moves it in the other direction, by the way, that it prejudiced him as a matter of fact. I understand, Your Honor. Our position is that if you take a step back and look at the entire record in this case, and the fact that this particular district judge had supervised the defendant for at least five years, had originally sentenced him as well, was very familiar with this defendant's case. I understand that. And he even went below the guidelines for supervised release are always, you know, they're policy statements that were never really binding. But notwithstanding this long sheet that you were reading from at the beginning, which theoretically could have justified a guideline sentence, he went below the guidelines, and maybe based on what an explanation that the defendant would have given, might have given less. I mean, again, this comes from my own experience in sentencing. I've seen too many cases in which the defendant, when the defendant got up to speak and spoke, it affected the sentence that I gave, notwithstanding the fact that I knew all of the facts from the pre-sentence report. And from, indeed, I usually ask the defendant last to speak after his lawyer has spoken and after the U.S. attorney has spoken. And so I don't know. I don't quite understand what more he can show. And I don't know why you're, you know, I don't know if there's any rule against confessing error. I mean, this doesn't hurt you that much. If we reversed on this ground, the next time around, you know, the U.S. attorney will send around a note and say, if the judge fails to, you know, make sure the judge asks the defendant to speak before he imposes a sentence. And there are occasions, I have to say, when I may have forgotten to ask, and the assistant U.S. attorney will remind me. So this isn't such a terrible, wouldn't be such a terrible result if you lost or if you even confessed error on this point. And I want you to be able to address this, but my, I think, focused in on this is the Green v. United States, where it says, and I read, because I read it every time when I was a district judge, the most persuasive counsel may not be able to speak for a defendant as the defendant might speak for himself with halting eloquence. I mean, when I read that, I said, there will never be a defendant who won't get to speak, because the Supreme Court said the most persuasive counsel can't do it. Your Honor, I see that my time is up. You may answer, sure. Thank you. Again, the government does not mean to trivialize the importance of the right to allocute. The point here is that plain error review applies. Defendant did not raise this claim before the district court, did not give the district court the opportunity to remedy the alleged error at that time. And instead, we're here today, and it's. So we could send it back and give the district court the chance to do that. And, Your Honor, if I may, just one last point. We would ask that this court look at the entirety of the transcript here, the evidentiary hearing and the sentencing hearing, and the history of this case and this judge's history with this defendant. And it is our position that if you focus on prong four of the plain error review test, this court has the discretion, obviously, to send this back or not. It's a permissive rule. And we believe that the error here, the alleged error, did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding given the entire context and record in this case. Thank you. I understand, Your Honor. Counselor, you have some time. Do you want to add anything? No, Your Honor. I was simply going to direct the court's attention to the Green case, but I see the court is aware. I would also point out United States v. Navarro-Flores from this court, 1980, said that the opportunity for counsel to speak is not a substitute for allocution. Let's assume we. Counsel, I've got. Go ahead, Judge Gorman. Go ahead, Judge Gorman. What I was going to ask was this. If the court decides to vacate and remand for resentencing, in light of the court not advising about the opportunity to allocute, does our panel have to reach any of the other issues on the appeal? No, Your Honor. Unless there are any further questions. Do you have another one? Believe it or not, that was the exact question I was going to ask. Then you probably would have asked it in a more eloquent way. No, I wouldn't. Well, and it was a question I had here in big writing, which I was going to put together, but I wasn't up asking it. So thank you very much. And I thank you both for your excellent arguments. This is a tough case, and we understand the good arguments, and so we appreciate them. Thank you very much. So case 13-50331, USA v. Daniels, is submitted.
judges: Korman, GOULD, SMITH